UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:21-cr-00017-JMS-MJD |
| STEPHEN KING, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States

Attorney for the Southern District of Indiana, and, Kelsey L. Massa, Assistant United States

Attorney ("the Government"), and the defendant, Stephen King ("the defendant"), in person and

by counsel, Guy Relford, hereby inform the Court that a Plea Agreement has been reached in this

case pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B). The

following are its terms and conditions:

### Part 1:  Guilty Plea and Charge

1.     **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense charged in the Indictment:

      **a.**     Count 1 which charges that the defendant committed the

offense of Dealing in Firearms without a Federal Firearms License, in violation of Title 18,

United States Code, Section 922(a)(1)(a).

2.     **Dismissal of Counts:** Following imposition of sentence, the government will

move to dismiss the remaining counts, Counts 2 through 11, of the Indictment, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).

3. **Potential Maximum Penalties**: The offense is punishable by a maximum sentence of 5 years' imprisonment, a $250,000 fine, and no more than 3 years' supervised release following any term of imprisonment.

4. **Elements of the Offense**: To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

1) The defendant did willfully engage in the business of dealing firearms, and

2) The defendant was not, at any time alleged in the indictment, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code.

### Part 2: General Provisions

5. **Sentencing Court's Discretion Within Statutory Range**: The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court

may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the

defendant in any way from prosecution for any offense committed after the date of this agreement.

9.     **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

**Part 3:  Sentence of Imprisonment**

10.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

a.     **Government's Recommendation:**   The Government has agreed to seek a sentence no higher than the low end of the applicable Guidelines range, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new

---

[1]Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

        **b.**      **Defendant's Recommendation:**  The defendant may argue for any legally permissible sentence.

      **11.**    **Placement:**  The Government agrees not to object to any request by the defendant for placement at a specific facility within the Bureau of Prisons. The defendant acknowledges and understands that, even if the Court accepts the defendant's request, any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

      **12.**    **Programs and/or Treatment:**  The Government agrees not to object to any request by the defendant to the Bureau of Prisons for placement in any specific programs or treatment during the defendant's service of any sentence of imprisonment in this case.  The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

      **13.**    **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

      **14.**    **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

### Part 4:  Monetary Provisions and Forfeiture

      **15.**    **Mandatory Special Assessment:**  The defendant will pay a total of $100

on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

16. **Fine:** The parties agree that the Court will determine any applicable fine. The parties reserve the right to make arguments and present evidence concerning an applicable and appropriate fine amount.

17. **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

18. Defendant understands that any forfeiture order entered by the court is mandatory and is a part of defendant's sentence. Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2),

against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree constitute property items that Defendant used or intended to be used to commit or to facilitate the commission of the offense of conviction and are therefore forfeitable under 18 U.S.C. § 924(d) and Title 28, United States Code, Section 2461:

> a) Three (3) Glock 43x semiautomatic pistols, bearing serial numbers BNUB818, BPPL718, and BPPL696, respectively; and
> b) One Walther model PPQ 9 mm pistol, bearing serial number FCI6063; and
> c) Any ammunition involved in the offense.

19.    Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

20.    Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment/Information filed in this case. Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment/Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

21.    Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment/Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

22.     This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

23.     Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

24.     **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America,

its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

### Part 5:  Factual Basis for Guilty Plea

**25.**     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of additional evidence, and the Government reserves the right to present additional evidence at the time of sentencing.

    a.  In August of 2020, ATF Chicago contacted ATF Indianapolis regarding firearms that law enforcement had recovered in connection with crimes committed in Chicago, Illinois. Records indicated that the firearms had been purchased by an individual named Stephen KING in Indianapolis approximately four days prior to being recovered by law enforcement in Chicago. Stephen KING is a resident of Indianapolis. KING is not, and was not at any time in 2020, a Federal Firearm Licensee (FFL).

    b.  On September 3, 2020, members of ATF Group III surveilled KING at Beech Grove Firearms located at 3020 South Emerson Avenue, Beech Grove, Indiana. Beech Grove Firearms is an FFL which is licensed to be engaged in business pertaining to sales of firearms and ammunition.

    c.  Special Agent Brian Reardon followed KING into Beech Grove Firearms and surveilled KING in an undercover capacity. SA Reardon was close enough to KING

in the business to hear KING make multiple statements. SA Reardon heard KING make a statement to the effect of, "People used to want specific guns, but now people just want a gun." SA Reardon also heard KING say something to the effect of, "You got to love this business," and "You do not have to do anything, the products sell themselves." KING purchased two Glock semiautomatic handguns and drove home.

d. Investigators obtained a state search warrant for KING's residence at 5078 Emmert Drive, Indianapolis, IN. On September 4, 2020, ATF Special Agents, Task Force Officers, and Indianapolis Metropolitan Police Department (IMPD) officers executed said search warrant.

e. Investigators interviewed KING in his home at the time of the search. Investigators read KING his rights via ATF's Advice of Rights and Waiver form and informed KING that he was not under arrest. KING signed and initialed the form indicating he understood his rights. Investigators told KING they knew he had recently purchased multiple firearms from FFLs, and they asked KING where those firearms were. KING stated they were gone. KING confirmed that he had already sold any firearm that he had previously purchased that was not found in the house.

f. KING further stated during the interview that he kept bills of sales from his firearm transactions and documented any sale he made on his email account, cujo71321@yahoo.com. KING stated he would send an email to himself when he purchased a firearm and reply to the same email when selling the firearm. KING stated he currently had active postings of firearms for sale on Armslist.com.

Armslist.com is a free online marketplace that provides a platform for private firearms sales.

g. KING further stated in sum and substance that he had a Federal Firearms License for a short time around 1985 or 1986, that he was aware a license was necessary in order to engage in the business of dealing firearms, and that he did not have a Federal Firearms License. KING stated that he bought certain firearms for people if they were interested and that he helped people that didn't own guns get them. KING stated that he became more active in selling firearms during the COVID pandemic. KING stated that he likes guns and that he viewed selling guns as an opportunity to make money.

h. Pursuant to the search warrant, investigators seized three Glock 43x semiautomatic pistols, one Walther pistol, and various records that KING kept of his firearms purchases and sales.

i. Investigators then obtained a state search warrant for KING's email account. Data from KING's email account corroborated KING's statements from his interview. KING would send an email to himself when he acquired a firearm. The email would include the date, purchase price, firearm information such as the make, model, and the serial number, and who he had purchased the firearm from. Once KING resold a firearm, KING would find that email for that specific firearm and reply to it, again to himself, and document the date, sale price, firearms information, and the name of the person involved in the sale. His email account served the same purpose as an FFL acquisition and disposition book (A&D Book), which FFLs are required to keep in order to document the incoming and outgoing of all firearms.

j. KING's email account revealed KING had purchased and then re-sold approximately one hundred and sixty-seven (167) firearms between April 12, 2020 and September 2, 2020. Of those 167 firearms, KING purchased thirty-eight (38) from FFLs. KING purchased the remaining one hundred and twenty-nine (129) firearms online from private sellers using third party websites such as Armslist.com and Facebook.com.

k. The investigation also revealed that KING sold approximately twenty-five firearms on eight separate occasions to an individual who KING believed to be named David Saldana. David Saldana's real name is Benjamin Cortez-Gomez, and he is a convicted felon who resides in Chicago.

l. For example, on or about June 5, 2020, KING purchased four firearms from Rural King FFL - a Taurus Model 856 revolver, serial number ABD451473; a Taurus Model 856 Ultralite revolver, serial number MW14959; and two Springfield Armory Model XDM semiautomatic handguns, serial numbers AT218203 and AT218260. KING filled out an ATF 4473 form indicating that he was the actual transferee/buyer of those firearms, and that he was not purchasing them on behalf of another person. On June 7, 2020, KING sold those four firearms, as well as two additional firearms, a Sig Model P320 semiautomatic handgun and a DTI model AR 15 semiautomatic rifle, to Benjamin Cortez-Gomez. This transaction netted KING a profit of $523.94 according to KING's records.

m. Text messages from Cortez-Gomez's cell phone showed communication with KING indicative of firearms dealing. KING stated in one message "I will try to find another G3C, I am limited to what crosses my path," indicating that KING would attempt to purchase a specific type of firearm for Cortez-Gomez. KING also texted Cortez-

Gomez on multiple occasions about how KING had "just" gotten a firearm and KING wanted to see if Cortez-Gomez was interested in purchasing it. Of the twenty-five (25) firearms KING sold to Benjamin Cortez-Gomez, six (6) have been recovered by law enforcement in connection with weapons violations.

n. Of the 167 firearms that KING is known to have purchased and re-sold between April 12, 2020 and September 2, 2020, KING re-sold approximately 100 of those firearms within three days or less from when he purchased them.

o. KING's records also showed that he purchased and re-sold the same type of gun multiple times. For example, KING purchased and re-sold approximately seventeen (17) Glock model 19 firearms, nine (9) Glock model 43x firearms, fifteen (15) S&W M&Ps, and eight (8) Bersa Thunder firearms between April 12, 2020 and September 2, 2020.

p. KING documented an overall profit of approximately $9,935.14 from his firearms sales between April 12, 2020 and September 2, 2020.

q. Between April 12, 2020 and September 2, 2020, KING willfully engaged in the business of dealing firearms without a Federal Firearms License.

r. All of the above occurred within the Southern District of Indiana.

**26.** The defendant admits that each and every fact alleged in the Indictment is true. The parties stipulate and agree that the Government could prove each and every fact alleged in the Indictment to a jury beyond a reasonable doubt if the case went to trial and that such facts establish a sufficient factual basis for the defendant's plea of guilty to the offense set forth in Paragraphs 1 and 25(a) through 25(r), above. The parties acknowledge that such facts are only a summary of the Government's evidence. The parties reserve the right to

present additional evidence at the time of sentencing if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

## Part 6:  Other Conditions

27.     **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

28.     **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

29.     **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

30.     **Guideline Computations:**  The parties agree that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties further agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

a.      **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of

guilty to the criminal conduct noted in this agreement, and the defendant's agreement to

cooperate in and not to contest the forfeiture of the property described above, the Government

agrees that the defendant should receive a two (2) level reduction *provided* the defendant

satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.

The defendant timely notified the Government of defendant's intention to enter a plea of guilty,

thereby permitting the Government and the Court to allocate their resources efficiently. After

the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to

U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional

level. The parties reserve the right to present evidence and arguments concerning the

defendant's acceptance of responsibility at the time of sentencing.

### Part 8: Waiver of Right to Appeal

31.    **Direct Appeal:** The defendant understands that the defendant has a statutory

right to appeal the conviction and sentence imposed and the manner in which the sentence was

determined. Acknowledging this right, and in exchange for the concessions made by the

Government in this Plea Agreement, the defendant expressly waives the defendant's right to

appeal the conviction and sentence imposed in this case on any ground, including the right to

appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all

challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as

well as any challenge that the defendant's admitted conduct does not fall within the scope of the

applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea

and sentence imposed, including the length and conditions of supervised release and the amount

of any fine.

32.    **Later Legal Challenges:** Additionally, the defendant expressly agrees not to

contest, or seek to modify, the defendant's conviction or sentence or the manner in which either

was determined in any later legal proceeding, including but not limited to, an action brought

under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

a. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the

waiver does not prevent claims, either on direct or collateral review, that the

defendant received ineffective assistance of counsel.

b. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section

3582 waiver, should the United States Sentencing Commission and/or

Congress in the future amend the Sentencing Guidelines to lower the guideline

range that pertains to the defendant's offense(s) and explicitly make such an

amendment retroactive, the Government agrees that it will not argue that this

waiver bars the defendant from filing a motion with the district court pursuant

to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.

However, if the defendant files such a motion, the Government may oppose the

motion on any other grounds. Furthermore, should the defendant seek to

appeal an adverse ruling of the district court on such a motion, this waiver bars

such an appeal.

c. **Motions for Compassionate Release:** As concerns this Section 3582 waiver,

the defendant reserves the right to file one (and only one) motion seeking a

"compassionate release" sentence reduction pursuant to the First Step Act of

2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling

reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13

application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G.

provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

33. **No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

34. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

35. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Statement of the Defendant

36. By signing this document, the defendant acknowledges the following:

a. I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.**     I have read the entire Plea Agreement and discussed it with my attorney.

**d.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**f.**     I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**h.**     I am pleading guilty as set forth in this Plea Agreement because I am

guilty of the crime to which I am entering my plea.

    **i.**    I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    **j.**    My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

    **k.**    My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

    **l.**    If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 11:  Certificate of Counsel

**37.**    By signing this document, the defendant's attorney and counselor certifies as

follows:

    **a.**    I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

    **b.**    To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

    **c.**    The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

    **d.**    In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    **e.**    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 12: Final Provision

38.    **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

11/15/21

DATE

Kelsey L. Massa
Assistant United States Attorney

11/15/21

DATE

Barry D. Glickman
Deputy Chief, Drug and Violent Crime Unit

11-15-2021

DATE

Stephen King
Defendant

11-15-2021

DATE

Guy Relford
Counsel for Defendant