UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-cr-00017-JMS-MJD |
| | ) | |
| STEPHEN KING, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Stephen King, by counsel, hereby submits his Sentencing Memorandum in anticipation of the Sentencing Hearing currently scheduled for March 15, 2022.

A. <u>Introduction</u>.

A detailed and thorough Presentence Investigation Report ("PIR") has been submitted by Ryan W. Harrold, U.S. Probation Officer. Defendant contends that PIR strongly supports the plea agreement between the United States of America and Defendant whereby the government has recommended, *inter alia*, the following:

> 10(a). The Government has agreed to seek a sentence no higher than the low end of the applicable Guidelines range, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.
>
> S*ee* Petition to Enter Plea of Guilty and Plea Agreement, Docket Document No. 33.

Defendant has fully complied with the conditions for the application of the government's recommendation.

B.      Nature of the Offense.

Defendant has pled guilty to Count 1 of the Indictment, which is a violation of 18 U.S.C. §922(a)(1)(a), "Dealing in Firearms without a Federal Firearms License."  This offense carries a penalty of not more than five years imprisonment and a maximum fine of two hundred fifty thousand dollars ($250,000.00).  Importantly, the government has agreed to dismiss Counts 2 through 11 of the Indictment, which were all based on alleged violations of 18 U.S.C. §922(a)(6), False Statement in Connection with Acquisition of a Firearm.  (Notwithstanding the government's agreement to dismiss each of these counts, the government relies heavily on Defendant's alleged false statements in its Sentencing Memorandum.)

C.      Acceptance of Responsibility.

In pleading guilty to the offense charged, Defendant has accepted responsibility for the criminal conduct at issue.  As determined in the PIR:

> The Petition to Enter Plea of Guilty and Plea Agreement, which is signed by the defendant, contains a factual basis, in which the defendant admits the elements of the offense; therefore, he has accepted responsibility for this offense.

*See* PIR, p. 5; Docket Document No. 38.

C.      Application of "Factors to be Considered in Sentencing" in 18 U.S.C. §3553(a).

Among the considerations set forth in 18 U.S.C. §3553(a), Defendant contends that subsection (1) is most applicable to sentencing in this matter: "the nature and circumstances of the offense and the history and characteristics of the defendant."  Specifically, Defendant initially fell into a habit of buying and selling firearms as a hobby and a pastime but eventually this activity reached such a level that it constituted a violation of 18 U.S.C. §922(a)(1)(a).  As determined in the PIR, the profit generated by this activity was nominal – only approximately ninety-nine hundred thirty-five dollars and fourteen cents ($9935.14).  *See* PIR, p. 5, Paragraph 12.

Nonetheless, Defendant fully acknowledges that the result of his activity resulted in firearms reaching the hands of individuals who should not be in possession of firearms. For this reason, Defendant is deeply remorseful and takes full responsibility for his actions.

      D.      <u>Factors Applicable to Amount of Fine</u>.

As stated in the PIR, the maximum fine for this offense is two hundred fifty thousand dollars ($250,000.00). A special assessment of twenty-five dollars ($25.00) is mandatory under 18 U.S.C. § 3013.

Defendant is sixty-six (66) years old and relies upon Social Security and a part-time job for his nominal income. See PIR, pp. 2, 11. Defendant and his wife currently have a net worth of only approximately fifty thousand dollars ($50,000). *See* PIR, p. 12. Given the circumstances of the offence and the financial condition of Defendant and his family, Defendant contends that a minimal fine is appropriate under the circumstances.

                                                      Respectfully submitted,

                                                      /s/ Guy A. Relford
                                                      Guy A. Relford
                                                      Attorney No. 6450-49
                                                      Counsel for Defendant, Nathan Kaiser

The Law Office of Guy A. Relford
1 South Rangeline Road
Suite 110
Carmel, IN 46032
(317) 844-4297
(317) 703-3430
guy@relfordlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March 2022, I delivered the foregoing Defendant's Sentencing Memorandum by ECF transmission to the following counsel of record:

Kelsey Massa, Assistant U.S. Attorney
kelsey.massa@usdoj.gov